HARRY F. OLIVER *vs.* ELIZABETH MORSE, et als.

Sagadahoc County.   Decided January 27, 1919.   This is a bill in equity heard before a single Justice, upon bill, answer, replication and proofs, no issues of fact having been submitted to a jury.   The plaintiff claims a right of way across defendant's land.   He says that he is entitled to a safe and convenient way, but that the defendants have rendered it unsafe and inconvenient by using it as a part of a pasture and allowing their cattle to wander at will upon it.   The plaintiffs pray that defendants be enjoined from using their land as a pasture until this way is properly protected by a fence, to be erected by and at the expense of the defendants.   The learned Justice below decreed that the prayer of the plaintiff should be granted.   The defendants appeal.

That the plaintiffs have a right of way is admitted.   Beyond this the defendants refuse to go.   The controversy is whether the way must be kept safe and convenient by the defendants.   An examination of the admitted testimony does not show the origin of the right of way, whether by grant, user, or otherwise, nor does it show any obligation resting upon the defendants to keep the way safe and convenient for plaintiff's use.   But in an appendix to the printed record appear two deeds which refer to this right of way.   These deeds were not identified, offered and admitted as part of the record evidence.

The plaintiffs in their argument refer to, and in large measure depend upon them. The defendants in argument say that if the deeds had been actually introduced in evidence they could and would have offered admissible testimony which would have completely nullified the force and effect which plaintiffs claim from those instruments. An examination of the language of the decree clearly shows that when it was drawn the learned Justice in some way had the deeds before him and must have relied largely upon them in determining and drafting his decree. Aside from these deeds the testimony does not show that any obligation to keep the way safe and convenient rested upon the defendants. From the evidence actually admitted we are of opinion that the decree is not sustainable and that the appeal must be sustained. In order that the parties may not be precluded from making use of these deeds, or other evidence pertaining to the issue, in any subsequent proceeding we think that the mandate should be: Appeal sustained. Bill dismissed with single bill of costs for defendants but without prejudice. Injunction denied. *Charles D. Newell, and E. W. Bridgham,* for plaintiff. *E. C. Plummer,* for defendant.